OPINION OF THE COURT
John G. Leaman, J.
In its decision dated December 8, 1986, the court determined, inter alia, that the objectants’ reasonable attorney’s fees should be paid out of the proceeds of the administrator’s commissions.
Considerations of law, equity and policy alike compel such a result under the circumstances of this case. As the court earlier observed, had the administrator not relinquished de facto control of the estate and his own fiduciary responsibilities to a succession of agents whose performance, unhindered by any effective intervention by him, unconscionably prolonged the administration of the estate and generated a *961 palpable climate of mistrust between the administrator, on the one hand, and the objectants, on the other, all distributees of equal kinship to the deceased, a situation would not have developed wherein the objectants reasonably had recourse to counsel in order to protect their interests.
It would be unjust to require the objectants to expend a portion of their distributive shares in fees incurred solely for the purpose of having counsel address the manifest and prolonged deficiencies in the administration of the estate. The injustice would be particularly glaring if the administrator, whose decisions and conduct proximately caused the need for the objectants reasonably to retain counsel of their own, were to be compensated for the particular discharge by him of his responsibilities at the same level as a fiduciary who with greater competence and dispatch were to administer a like estate.
Common sense and sensibility require that, since the administrator created the circumstance in which the objectants reasonably resorted to counsel to protect their interests, an expense which ought not to have been necessary in the ordinary course of events, the cost of such counsel should be borne by the administrator. A fiduciary whose tenure in office gives rise to needless expense cannot persuasively complain if that expense is deducted from his compensation rather than allocated to innocent third persons. Indeed, and if further rationale is sought, since the objectants’ attorney was a catalyst and factor whereby the estate was ultimately administered in proper fashion, so that earlier deficiencies in the administration were rectified, the former has a just claim to a proportionate share of the commissions of the latter, such as to constitute a reasonable fee. Such a result is consistent with the Surrogate’s Court Procedure Act (cf., SCPA 2307) and judicial decisions thereunder, as well as the discussions of recognized treatises (cf., 29 Carmody-Wait 2d, NY Prac, ch 168).
Accordingly, and by reason of the foregoing, the court determines that the objectants’ reasonable attorney’s fees shall be a surcharge upon the administrator’s commissions, and, further, that the amount of such reasonable attorney’s fees is $9,812.50 as established by the unchallenged affirmation of Victor Levin, Esq., dated December 24, 1986.
Regarding the matter of an accountant hired by objectants’ attorney in connection with the final accounting herein, a *962 parity of reasoning requires that his reasonable fee be a surcharge upon the administrator’s commissions. However, the court concludes that the reasonable accountant’s fee in the context of the matter before it is $1,500, rather than the $4,900 requested, not because the latter amount is disproportionate to the labor involved, but because a significant portion of the accountant’s work-product was directed toward an investment strategy which exceeds that which is required by law of a fiduciary. The court has endeavored to segregate that part of the accountant’s work-product that was reasonably necessary for the objectants to protect their interests, and surcharge the administrator’s commissions proportionately while leaving as an unsurcharged expense to the objectants the balance of the accountant’s work-product, with which the court finds no fault but deems to be of academic interest in the context of the instant proceedings.
The addition sum of $391 is to be a surcharge upon the commissions of the administrator* to reimburse objectants for filing fees and the cost of an examination before trial of the administrator.

 The administrator’s commissions, as reflected in schedule I of the amended supplemental accounting sworn to by him on November 8, 1985, total $15,379.86.